BURGIN *et al. v.* SMITH.

(Division A.   May 16, 1932.)

[141 So. 760.   No. 29943.]

D. A. Burgin, of Columbus, and Lotterhos & Travis, of Jackson, for appellants.

**W. D. Hilton**, of Mendenhall, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a decree overruling a general and a special demurrer to an original bill of complaint filed in the chancery court of Simpson county, by the appellee, B. A. Smith, against the appellants, C. B. Burgin, M. G. Burgin, and T. A. Burgin, a partnership doing business under the firm name and style of Burgin Brothers, resident citizens of Lowndes county, Mississippi, and T. M. Puckett, a resident citizen of Simpson county, Mississippi.

The bill of complaint alleged that during the year 1928 and prior to July 16th of that year, the appellee had a contract with Burgin Brothers whereby he was to purchase cattle and sheep and sell them to the said Burgin Brothers on board freight cars at shipping points, at and for the price of five dollars and seventy-five cents per head of sheep; that it was necessary for the appellee to go into the market and purchase sheep for delivery to the appellants; that for this purpose, he employed the defendant T. M. Puckett to purchase said sheep and deliver them to the appellants at various shipping points in Mississippi accessible to the place of purchase; that it was understood and agreed between him and his agent and representative T. M. Puckett, and the said Burgin Brothers, that the purchase price of said sheep was to be paid to the said Puckett by Burgin Brothers at the shipping point before the bills of lading were issued to the said Burgin Brothers; and that under the terms of this agreement several cars of sheep were sold and delivered to appellants prior to July 16, 1928, for which settlement was made according to the terms of the contract.

The bill of complaint further charged that on July 16, 1928, the appellee, by his agent T. M. Puckett, delivered to the appellants two cars of sheep which were by the appellants consigned to Gatlin Brothers, at Frank-

lin, Tennessee; that the sale price of these sheep amounted to one thousand three hundred thirty-nine dollars and seventy-five cents, which should have been paid to the said Puckett by the appellants before the bills of lading were issued and delivered to them; that after the sheep were delivered, the appellee made demand on his agent, Puckett, for the amount due for said sheep, and was advised by Puckett that he had not received payment from the appellants, but that the inspector for appellants secured possession of the sheep by stating that he would pay him after reaching Hattiesburg, Mississippi, that night; and that on reaching Hattiesburg, the inspector advised him that he would settle directly with the appellee whom he was to meet at Columbia, Mississippi, on the following day.

The bill further charged that upon this information furnished him by his agent, he took the matter up with the appellants, who refused to pay him, claiming that, for some reason, they did not owe him anything for said sheep; and that after applying the balance of certain money deposited by the appellants with the appellee to guarantee payment for the sheep sold under the contract between them, there was due the appellee on the two cars of sheep a balance of eight hundred thirty-nine dollars and seventy-five cents with interest.

The bill of complaint then charged that the appellee's agent, Puckett, was negligent and disobeyed the contractual agreement in so delivering the sheep without receiving pay therefor, and that the appellants violated their agreement in not paying for the said sheep before the same were shipped. The bill then sought an accounting against all the defendants, and demanded that the appellants disclose the method of payment, if they claimed to have paid the agent, Puckett, for said sheep, and that the defendant Puckett disclose in his answer all the facts of the transaction in order that the court

might be able to ascertain who of the defendants were liable to the appellee for the two cars of sheep.

It was further alleged that one of the purposes of the bill was to demand an accounting by and between the said defendants, and to ascertain whether, as a matter of facts, the appellants had paid the defendant Puckett for the sheep, according to the terms of the contract, and which of the two defendants are primarily liable to the appellee, and further in order that all the equities between the said defendants and the appellee might be settled and adjusted. The prayer of the bill was for an accounting and for a discovery, and a decree for the amount found to be due against all or such of the defendants as may be found to be liable to the appellee.

The appellants Burgin Brothers filed an answer to the bill of complaint, and included therein a special and a general demurrer, the grounds of the special demurrer being: (1) "The bill of complaint shows on its face that the defendant T. M. Puckett is neither a necessary nor a proper party to the suit and that the defendants C. B. Burgin, M. G. Burgin, and T. A. Burgin are the only real defendants to the suit and that they are not subject to suit in Simpson county, Mississippi, being residents of Lowndes county, Mississippi." And (2) "the bill of complaint shows on its face that said defendants Burgin Brothers are sued in the wrong county and that the alleged cause of action against them and against T. M. Puckett are separate and distinct and without any relation whatsoever to each other. It further appears from the bill of complaint that said Puckett was joined as a defendant for no other purpose than to force said defendants, Burgin Brothers, to stand suit in a county far removed from their residence."

The general demurrer assigned as the grounds thereof the following: "(1) There is no equity on the face of the bill of complaint; (2) the bill of complaint does not show that the complainant is entitled to an accounting;

(3) the bill of complaint does not show that the complainant is entitled to a discovery; and (4) the bill of complaint shows on its face that the complainant has a full, adequate and complete remedy at law.'' These demurrers were overruled, and an appeal was granted to settle the legal principles involved.

On the ground of an accounting, the bill of complaint presents no basis for a court of equity to take jurisdiction of the cause. The bill alleges the sale and delivery of a fixed number of sheep and cattle at a stated price, amounting in the aggregate to a fixed sum, upon which the balance of five hundred dollars on deposit with the appellee was credited, leaving a definite and fixed sum alleged to be due. This was a simple money demand, easily computable and definitely stated, and there could be no necessity for invoking the aid of a court of equity to state an account between the parties.

To sustain the jurisdiction of equity, the appellant relies principally on the ground of discovery attempted to be charged in the bill of complaint. The bill alleges that after the delivery of the sheep by the appellee's agent Puckett to the appellants, Puckett informed the appellee that he had not received pay for the sheep, and set forth the reasons assigned by Puckett for his failure to collect the purchase price at the time of delivery. The bill does not allege that there was any collusion between the appellants and appellee's agent, nor does it allege that the appellee had any reason to disbelieve the statements of his agent Puckett that the appellants had not paid him for the sheep, or that he had any reason to believe that his agent was wrongfully or fraudulently concealing from him any facts in connection with the transaction. From the fact that the bill of complaint asks for a discovery as to whether or not the appellants paid his agent, there is an implication of lack of knowledge of that fact; but this is in the face of the positive averments of the bill that the appellee's agent had informed

him that he had not collected for the two cars of sheep, and had fully disclosed his reasons for failure to collect. In view of the averments of the bill that the agent had disclosed to the appellee the facts in reference to the transaction, it is unnecessary to decide whether, under the facts alleged, the principal was chargeable with knowledge of his agent Puckett. The case simply presents a money demand for the establishment of which the agent Puckett would be a valuable, if not a necessary, witness; but the averments of the bill of complaint present no basis for equitable jurisdiction on the ground of discovery. There being no other ground of equitable jurisdiction alleged, the general demurrer should have been sustained.

The bill of complaint does not state a joint cause of action against the defendants Burgin Brothers and Puckett, and does not set forth facts showing any privity whatever between them. The cause of action alleged against Burgin Brothers is a separate and distinct action in debt on a specific contract, while the cause of action against the defendant Puckett, if the bill can be construed as stating one against him, is an action by a principal against his agent for a breach of the contract of employment in failing to account for funds received on behalf of the principal. The causes of action attempted to be charged in the bill of complaint are separate and distinct causes of action against the defendants Burgin Brothers and Puckett, and to the cause of action against the defendants Burgin Brothers, the defendant Puckett was not a necessary party.

Under the provisions of section 363, Code 1930, fixing the venue of suits in chancery, suits wholly in personam must be filed in the county where one of the necessary parties defendant resides, and since it appears in the face of the bill that the causes of action alleged therein are separate and distinct, and that the defendant Puckett is not a necessary party to the cause of action against

Burgin Brothers, the separate demurrer interposed by them challenging the venue of the action should have been sustained. Griffith's Chancery Practice, sections 155 and 156.

The decree of the court below will therefore be reversed, the general and special demurrers sustained, and the cause remanded.

Reversed and remanded.