## PRICE *v.* PRICE.

(Division B. September 22, 1947.)

[32 So. (2d) 124. No. 36443.]

Donald Franks, of Booneville, for appellant.

No appearance for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Complainant, appellant here, a resident of Tishomingo County, filed her bill for divorce in Prentiss County against her husband, a non-resident of the State. Because the bill was not filed in the county of the residence of the complainant, as mandatorily required by Sec. 2738, Code of 1942, the Chancellor dismissed the bill, and the complainant has appealed.

In Amis on Divorce in Mississippi, Sec. 240, it is stated "that the statute prescribing where the suit ·must be instituted is not a mere statute of venue that may be

waived but one of jurisdiction of the subject matter of the suit; . . .'' No case from our own court is cited in support of that statement, there being heretofore no case in this State upon the precise point; but the statement reflects the opinion of Bench and Bar in this Jurisdiction time out of mind, and we now affirm it.

The power or authority or jurisdiction to grant a divorce in this country depends solely upon statute, and is not derived from the common law. 27 C. J. S., Divorce, Sec. 69, page 629 et seq.; 17 Am. Jur., p. 151. This brings into operation the well established rule that where a statute creates a right of action which did not exist at the common law and the same statute fixes the conditions upon which the right may be asserted, the conditions are an integral part of the right thus granted—are substantive conditions, the observance of which is essential to the assertion of the right. As tersely stated in United States ex rel. Texas Portland Cement Co. v. McCord, 233 U. S. 157, 34 S. Ct. 550, 58 L. Ed 893, when a right is given solely by statute it is subject to the terms named in the statute. Compare Louisville & N. R. Co. v. Dixon, 168 Miss. 14, 20, 150 So. 811; and see 1 Am. Jur., Actions, Sec. 11, p. 410; 1 C. J. S., Actions, Secs. 5 and 9a, pp. 973, 990.

The conditions prescribed by the State, by its divorce statutes, under which it will permit a marriage to be dissolved by divorce are (1) that the complainant shall allege and prove one of the twelve grounds therefor as set forth in Sec. 2735, Code 1942; (2) that one of the parties shall have been a bona fide resident of this State for one year next preceding the commencement of the suit, Sec. 273, and (3) that the bill must filed in the county in which the complainant resides if the defendant is a non-resident, Sec. 2738. Unless there is a compliance with the third condition there had as well be none with condition number two, and they are both essential to the assertion of condition number one. See Hetherington v. Hetherington, 200 Ind. 56, 59, 160 N. E. 345, to this precise point. A

sufficient review of the authorities to the effect that a divorce suit brought in the wrong county goes to the jurisdiction, and is not a mere matter .of venue, is found in Haygood v. Haygood, 190 Ga. 445, 9 S. E. (2d) 834, 130 A. L. R. 87, and the annotations in the volume last cited.

Appellant concedes that all the foregoing would be true except for Sec. 1441, Code 1942, which she says is a modification of Sec. 2738. The section relied on is in the following language:

"Where an action is brought in any circuit, chancery, county, or justice of the peace court of this state, of which the court in which it is brought has jurisdiction of the subject matter, but lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred to the venue to which it belongs."

It will be at once observed that the quoted statute is a general statute and has reference to the ordinary rules as to venue in the ordinary and general run of cases brought under the substantive rules of common law or equity. It can have no application to a special statute which not only creates a right unknown to the common law, but in creating the right prescribes the means, the course of procedure including the venue by which the right is to be asserted, making thereby the prescribed course exclusive. The rule is that when a special and particular statute deals with a special and particular subject, its particular terms as to the special subject control over general statutes dealing with the subject in general. Gully v. Lumbermen's Mut. Casualty Co., 176 Miss. 388, 397, 166 So. 541, 168 So. 609; Dunn Const. Co. v. Craig, 191 Miss. 682 701, 2 So. (2d) 166, 3 So. (2d) 834.

Sec. 1441, Code 1942, has, therefore, no application to the statutes on the special or particular subject of divorce, and so far as divorce cases are concerned Sec. 1441 stands as if it had never been enacted.

Affirmed.