## CRUSE *v.* CRUSE.

(Division B.   October 27, 1947.)

[32 So. (2d) 255.   No. 36572.]

498

James A. Finley, of Tupelo, for appellant.

Byrd P. Mauldin, of Pontotoc, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Appellant filed suit for divorce against the appellee in the Chancery Court of Lee County, averring that both parties were adult residents of that County.

Appellee, without answering, filed a motion to transfer the cause to Pontotoc County, on the ground of her alleged residence and citizenship .there, which motion was sustained by the Chancellor because of Section 1441, Code 1942. This section provides:

"Where an action is brought in any circuit, chancery, county, or justice of the peace court of this state, of which the court in which it is brought has jurisdiction of the subject matter, but lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred to the venue to which it belongs."

Proof was heard by the Chancellor on the motion, at the conclusion of which, on conflicting testimony, he held, as he said in his opinion in the record: "The facts in this case establish without a doubt in the mind of this Court that at the time of the separation of these parties they were residents of Pontotoc County where the defendant still resides." In our judgment, the Chancellor here was amply justified by the proof, in so holding. From the decree on the sustaining of the motion, and transfer of the cause to Pontotoc County, appellant brings this case here, and assigns such action of the Chancery Court as the sole error.

This case, on the issue of transfer or not, is controlled by our recent decision, Price v. Price, 202 Miss. 268, 32 So. (2d) 124. We there held that Section 2738, Code 1942, was mandatory, and there required affirmation of the

Chancellor's dismissal of the Bill of Complaint for divorce, since it was not filed in the proper county. We further there announced our opinion that Section 1441, Code 1942, had no application in or to the particular subject of divorce. So, had defendant moved the court to dismiss the original bill, instead of moving to transfer the cause, we would have sustained a decree to that effect. However, the motion was merely to transfer the cause, which was beyond the authority of the court to do, and hence error was committed in ordering the transfer.

We cannot entertain this appeal, however, from the Chancellor's decree, because it is not appealable under the authority of Marquette Cement Mfg. Co. v. New Amsterdam Casualty Co., 174 Miss. 843, 165 So. 615, and the cases therein cited.

Since the decree is not appealable, and we cannot entertain it, we can only dismiss the appeal. Upon receipt of the mandate of this Court, further proceedings in the matter will follow our holding in Price v. Price, supra, which we now re-affirm, if any further progress is to be had in the litigation.

Appeal dismissed.