208 So.2d 194 (1968)
Johnnie Lee Myers ROSS
v.
S.L. ROSS.
No. 44798.
Supreme Court of Mississippi.
March 11, 1968.
*195 Everett E. Cook, Phil R. Dunnaway, Gulfport, for appellant.
Appellee not represented by counsel.
JONES, Justice.
Appellant sued appellee for divorce in the Chancery Court of Harrison County. The case was dismissed for lack of territorial jurisdiction. We affirm.
The facts were stipulated. Appellant was a resident citizen of Harrison County, Mississippi, and had been for more than one year next preceding the commencement of the suit. The appellee was a resident citizen of Jefferson Davis County, Mississippi, and had been a resident citizen of that county for more than one year next preceding the commencement of the suit. The separation occurred in Jefferson Davis County. The appellee was not employed in Harrison County, nor did he have even a place of temporary residence in that county; but he was found in the county and served with process.
The power of the courts to grant a divorce does not come from the common law, but is derived solely from the statutes enacted by the legislature of the State. It is a special action. In our Code, the statutes authorizing divorce are set forth in chapter 2 of title 12 headed "Special Actions."
Where a statute creates a cause of action which has not previously existed, the conditions upon which such right of action may be pursued are an integral part of the right granted and must be followed. Price v. Price, 202 Miss. 268, 32 So.2d 124 (1947). The question here involves Mississippi Code 1942 Annotated section 2738 (1956), which provides where the bill for divorce must be filed. The appellant relies on the last sentence of that section:
If the defendant be a resident of this state, the bill shall be filed in the county in which such defendant resides or may be found at the time, or in the county of the residence of the parties at the time of separation, if the complainant be still a resident of such county when the suit is instituted. (Emphasis added.)
The particular words by which it is sought to justify the filing of the suit in Harrison County are "shall be filed in the county in which such defendant resides or may be found at the time." It is asserted that the appellee was found in Harrison County and that the action thus complied with the statute above mentioned.
While having no effect or application in divorce actions, the general statutes on venue, including that on change of venue, do manifest the policy of this State that a defendant sued alone in personam shall be sued in the county of his residence.
In a discussion of the general statute on venue in chancery which is section 1274 Mississippi Code 1942 Annotated (1956), the following rule is set forth in Griffith, Mississippi Chancery Practice section 155 (2d ed. 1950):
Suits wholly in personam must be filed in the county where one of the necessary parties defendant resides. It is true that the statute again uses the permissive word "may" in that connection, but it is the uniform policy of judicial procedure in our state to bring all litigation in personam to the home of the defendant, and the statute must be construed in the light of that policy. * * * It will be noted also that the statute would upon its face allow a suit in any county where one of the necessary parties may be found. In practical application this has reference only to non-residents of the state, and to those who have no fixed place of residence within the state. The statute holds no such intent as that a resident may be caught on the wing and sued in any county where he may be temporarily found.

See also Burgin v. Smith, 163 Miss. 797, 141 So. 760 (1932); Brashier v. J.C. O'Connor & Sons, 181 Miss. 872, 180 So. 67 (1938).
*196 In Bilbo v. Bilbo, 180 Miss. 536, 177 So. 772 (1938), this Court held that the word "residence," as used in divorce statutes, is synonymous with "domicile" and that temporary absence by reason of position did not change the residence of a party. In Price v. Price, 202 Miss. 268, 32 So.2d 124 (1947), this Court said that a general statute referring to ordinary rules of venue in the general run of cases brought under substantive rules of the common law or equity is not applicable to a special statute which not only creates a right unknown to the common law, but also prescribes the means and course of procedure, including venue, by which the right is to be asserted. It was accordingly held that a divorce bill against a non-resident husband was properly dismissed where the bill was not filed in the county of residence of complainant as required by statute.
This exact question was decided in Cruse v. Cruse, 202 Miss. 497, 32 So.2d 355 (1947). There the husband sued the wife for divorce, and from a decree sustaining defendant's motion to transfer to Pontotoc County because her residence was there, the plaintiff appealed. The suit was filed in the Chancery Court of Lee County. The appellant charged that both parties were adult residents of that county. According to the statement of facts and briefs of the parties appearing in the official report, it is seen that the defendant was actually found in Lee County when the suit was filed and process served upon her. The motion to transfer the cause to Pontotoc County was sustained by the chancellor because of section 1441 of the Mississippi Code (a general statute).
Proof was heard and the chancellor found that, without doubt, at the time of the separation, the parties were residents of Pontotoc County, where the defendant still resided. This Court said the chancellor was amply justified by the proof in so holding. This transfer was assigned as error. The Court stated that the case was controlled by Price v. Price, supra, in which it was held that section 2938 was mandatory, and that the dismissal of the bill of complaint required affirmation since it was not filed in the proper county. The Court restated its opinion that section 1441 Mississippi Code 1942 Annotated (1956) had no application to an action for a divorce; and, therefore, that the bill of complaint should have been dismissed inasmuch as the power to transfer or change the venue was beyond the authority of the court.
It is clear that the words "county in which such defendant resides or may be found at the time" should be construed in accordance with the policy of this State. Accordingly, the word "residence" means the "domicile" of the defendant. The words "or may be found at the time" as stated by Judge Griffith, supra, relative to the general statute, applies either to a non-resident of the State or to a citizen of this State who has no actual domicile or fixed place of residence.
Affirmed.
GILLESPIE, P.J., and RODGERS, BRADY and INZER, JJ., concur.