TAYLOR, Judge.
SAMUEL, TAYLOR and LeSUEUR, JJ.
Plaintiff, Mrs. L. Nell Harris Porter, instituted this suit for declaratory judgment against Theresa Armato Hawkins praying that the “decree of divorce, docket number 18-520, purporting to dissolve the marriage of plaintiff to Willard Warded Hawkins, rendered on or about November 10, 1964, by the Chancery Court of Madison County, Mississippi, [be declared] void ab initio, absolutely null, and not entitled to comity or full faith and credit in the State of Louisiana.” The trial court sustained an exception of no right or cause of action filed by defendant and dismissed plaintiff’s suit at her costs. From this ruling plaintiff prosecutes her appeal to this court.
In her petition plaintiff alleges: She and the late Willard Warded Hawkins were married to each other on June 23, 1960. After several years of marriage Mr. Hawkins sought a divorce from plaintiff, having filed suit for that purpose in the Chancery Court of Madison County, Mississippi. On November 10, 1964, Mr. Hawkins obtained from the Mississippi Court a decree of divorce from his wife. Subsequent to the rendering of this judgment, Mr. Hawkins married the defendant, Theresa Armato Hawkins. Willard Warded Hawkins was killed accidentally on September 8, 1967. The defendant fraudulently concealed his death from plaintiff and, representing herself as Mr. Hawkins’ widow, collected sums of money for the death of the deceased. Plaintiff contends that she has been tortiously deprived by defendant of her right to sue for death benefits due her as the widow of Mr. Hawkins since the prescriptive periods for doing so have now run.
It is plaintiff’s contention that the decree of divorce was rendered by a court which had no jurisdiction over the subject matter *914 of the suit because Mr. Hawkins was not a resident of the State of Mississippi.
LSA-C.C.P. art. 1871 provides in part as follows:
“Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed * * *» (Emphasis added)
Plaintiff’s suit is within the scope of the above article in that she is attempting to have her status as the widow of the deceased adjudicated. She has brought suit against the only real party in interest available since Willard Wardell Hawkins has now departed this life. Therefore, in considering whether or not the exception of no cause of action is well founded the court need only further consider whether the relief for which plaintiff prays may be granted if the facts as alleged are taken as true.
Plaintiff has alleged that Willard War-dell Hawkins was not a resident of Madison County, Mississippi wherein the divorce decree was granted. She further alleges in the alternative that she was not a resident of Madison County at the time the divorce decree was handed down.
Pursuant to LSA-C.C.P. art. 1391 the court will take judicial notice of the law of Mississippi relative to the forum in which divorce suits must be instituted.
Mississippi Code of 1942, § 2738 provides the following:
“The bill must be filed in the county in which the complainant resides, if the defendant be a non-resident of this state, or be absent, so that process cannot be served; and the manner of making such parties defendants so as to authorize a decree against them in other chancery cases, shall be observed. If the defendant be a resident of this state, the bill shall be filed in the county in which such defendant resides or may be found at the time, or in the county of the residence of the parties at the time of separation, if the complainant be still a resident of such county when the suit is instituted.”
Furthermore, the above statute has been construed as a jurisdictional provision rather than one of venue. Price v. Price, 32 So.2d 124 (Miss.1947).
As may be seen from plaintiff’s petition, Mrs. Porter is alleging that the facts necessary for the Mississippi Court to have jurisdiction under Mississippi Code of 1942, § 2738 did not exist. It is well established that anyone at interest has the right to collaterally impeach a decree of divorce rendered in another state by proving that the court rendering the decree lacked jurisdiction to do so. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577; Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946). The fact that plaintiff has chosen a suit for declaratory judgment as the vehicle for this attack when there might be another adequate remedy at law is immaterial. LSA-C.C.P. art. 1871.
With regard to the exception of no right of action, we notice that no testimony was taken on this point. Of course the party raising the exception bears the burden of establishing the facts necessary to maintain it. Plaintiff has alleged that she and the late Mr. Hawkins were husband and wife and defendant has not refuted this fact. The court is therefore of the opinion that the allegations of the petition are sufficient to establish a right of action in plaintiff to institute this suit.
For the reasons assigned the judgment of the District Court maintaining defendant’s exception of no right or cause of action is reversed and set aside and this case is remanded for further proceedings according to law.
Reversed and remanded.