PATTERSON, Justice:
This is an appeal from the Chancery Court of Lauderdale County wherein Judy L. Miller was granted a divorce and other awards against her husband, Hoyle L. Miller. He did not demur, answer or otherwise contest the proceeding at the time of trial, but subsequent to the entry of the decree filed a motion to dismiss for lack of jurisdiction. This motion was overruled and is now the basis for this appeal.
The parties had previously resided in Lee County and there remains on the court docket in that county a suit for separate *534 maintenance filed by the appellee. The testimony reveals the suit was abandoned on the reconciliation of the parties and their resumption of cohabitation. However, it has never been formally dismissed.
Subsequently, the parties again separated and the appellant, a traveling man, was absent from this state and his whereabouts unknown a great portion of the time from the second separation until the filing of the present suit. Meanwhile, the appellee had moved from Lee to Lauderdale County where she resided more than eight months prior to filing this action.
Process was obtained upon the appellant in this proceeding by publication in the manner and time prescribed by law. The directive for publication of process was the appellee’s affidavit which contains, in addition to the normal requisites for divorce, the following:
Your complainant further states that the defendant, Hoyle L. Miller, is a nonresident of the state of Mississippi and would show that after diligent search and inquiry, the defendant is not to be found in the state of Mississippi, and his whereabouts, place of abode and post office address are unknown to this complainant after having made diligent search and inquiry to ascertain the same.
The trial court indulged a full-blown hearing on the motion to dismiss for lack of jurisdiction. The evidence conflicted sharply as to the appellant’s place of residence, but there was no material dispute that he was absent from the state and constantly traveling among other states with no permanent address during the interval of the separation and the filing of this proceeding. The chancellor found from this testimony that the defendant was probably a resident of this state, but was absent so that process could not be served upon him. He therefore concluded that the complainant had the right to file for divorce in the county in which she resided and to proceed by publication of process. We are of the opinion the chancellor was correct in both his finding of fact and conclusions of law.
Mississippi Code Annotated section 93-5-11 (1972) provides:
The bill must be filed in the county in which the complainant resides, if the defendant be a non-resident of this state, or be absent, so that process cannot be served; and the manner of making such parties defendants so as to authorize a decree against them in other chancery cases, shall be observed. If the defendant be a resident of this state, the bill shall be filed in the county in which such defendant resides or may be found at the time, or in the county of the residence of the parties at the time of separation, if the complainant be still a resident of such county when the suit is instituted.
In Duvall v. Duvall, 224 Miss. 546, 80 So.2d 752, 81 So.2d 695 (1955), and Price v. Price, 202 Miss. 268, 32 So.2d 124 (1947), the statute prescribing where the suit must be instituted has been construed to be jurisdictional and not venue that may be waived. Moreover, the authority or jurisdiction to grant a divorce depends solely upon the statute since it is not derived from the common law. Price, supra. This brings into focus the rule that where a statute creates a right of action which did not exist at common law and also prescribes the condition upon which the right may be asserted, the conditions become an integral part of the right granted, the observance of which is essential to the assertion of the right. Price, supra.
The appellee’s right to file this suit and the authority of the Chancery Court of Lauderdale County to decide it are totally dependent upon Mississippi Code Annotated section 93-5-11 (1972). The first portion dictates that the bill must be filed in the county in which the complainant resides (Lauderdale County) if the defendant *535 be a nonresident of the state (inapplicable —appellant was a resident of this state) or be absent, so that process cannot be served (applicable — appellant was absent from the state and personal process could not be served upon him). The legislative intent, in our opinion, was to make provision for suit against a resident of this state, but who was physically absent so the personal service of process could not be had. It provided the same manner of service of process on a nonresident or absent party defendant so as to authorize a decree against him.
 It being established that the appellant was a resident of this state, but absent so that process could not be served, Section 93-5-11, supra, became viable, permitting the appellee to file suit in Lauder-dale County where she resided. It also authorized use of “the manner of making such parties defendant . . . as in other chancery cases,” thereby invoking Mississippi Code Annotated section 13-3-19 (1972). It follows:
Summons by publication for nonresident or absent defendant.
If the defendant in any proceeding in a chancery court be shown by sworn bill or petition, or by a filed affidavit, to be a nonresident of this state, or not to be found therein on diligent inquiry and the post office of such defendant be stated in the bill, petition or affidavit, or if it be stated in such sworn bill or petition that the post office of the defendant is not known to the complainant or petitioner after diligent inquiry . . . the clerk, upon filing of the bill shall promptly prepare and publish a summons to the defendant ....
In our opinion these statutes must be read in pari materia and when this is done, the legislative intention of providing for suit against a resident, but absent, defendant is completed. We are of the opinion that the lower court properly overruled the motion to dismiss for lack of jurisdiction unless the pending suit in Lee County obstructed its jurisdiction.
There remains upon the docket of Lee County a suit for separate maintenance filed by the present appellee which has never been formally dismissed. However, it is undisputed that during its pen-dency the parties were reconciled and resumed cohabitation as man and wife. In our opinion this was the equivalent of a formal dismissal of the suit and it afforded no barrier to the jurisdiction of the Chancery Court of Lauderdale County. In Weathersby v. Weathersby, 39 Miss. 652 (Miss.1861), this Court held that a gift to the wife in consideration of, and as a provision for, separation was extinguished by the restoration of the conjugal relation of the parties. By analogy we think the jurisdiction of the Chancery Court of Lee County was invoked by filing the bill after the separation of the parties and when that separation ceased by restoration of the conjugal relation, the jurisdiction terminated.
The appellee has moved for an attorney fee for her representation on this appeal. The motion is sustained and an attorney fee of $250 is hereby awarded.
Affirmed.
GILLESPIE, C. J., and INZER, SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.