MODIFIED OPINION ON MOTION FOR REHEARING
THOMAS, J.,
for the Court.
¶ 1. The motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted therefor. Cindy Ann Roberts filed for divorce against David Roberts in DeSoto County and a judgment for divorce was entered granting the divorce. Cindy later filed a petition to set aside the divorce for lack of jurisdiction. Her petition was denied. Aggrieved she asserts the following:
I. THE CHANCELLOR ERRED IN FAILING TO SET ASIDE THE JUDGMENT OF DIVORCE WHICH WAS VOID FOR LACK OF JURISDICTION IN VIOLATION OF MISS. CODE ANN. § 93-5-11 (SUPP.2002).
II. THE COURT ERRONEOUSLY HELD THAT THE APPELLANT WAS IN CONTEMPT OF COURT OF A VOID JUDGMENT.
III. THE COURT ERRED IN AWARDING ATTORNEY’S FEES AND EXPENSES FOR THE CONTEMPT OF A VOID ORDER AGAINST THE APPELLANT.
IV. THE COURT ERRED IN AWARDING ATTORNEY’S FEES AGAINST THE APPELLANT WHICH DID NOT MEET THE “MCKEE” STANDARDS.
Finding reversible error as DeSoto County Chancery Court lacked jurisdiction, we reverse and remand.
FACTS
¶ 2. David and Cindy Roberts were married in 1987 in Louisiana. They are the natural parents of two minor children. They established residency in Tate County where they separated in February of 1999. Cindy filed for divorce in Tate County and David filed an answer and counter com *476 plaint. The chancellor denied the Rob-ertses a divorce but granted custody of the two minor children to David.
¶ 3. Cindy Roberts moved to DeSoto County and filed for divorce there charging as grounds for divorce adultery, habitual cruel and inhuman treatment and irreconcilable differences. David Roberts executed a waiver of process, entering his appearance in DeSoto County. Cindy was awarded a divorce and attached to the divorce decree was the Tate County order referencing child custody along with a property and child support agreement. On March 27, 2000, a final decree for divorce with the Tate County order was entered in DeSoto County. The court adopted and approved the property settlement agreement entered by the parties.
¶ 4. On June 21, 2001, David Roberts filed a petition for citation of contempt against Cindy in the Chancery Court of DeSoto County for her failure and refusal to execute a quitclaim deed pursuant to the property settlement agreement. In response to David’s petition, Cindy filed a petition to set aside the divorce for lack of jurisdiction and other relief. On September 18, 2001, an order was entered finding the petition to set aside the divorce to be without merit. Cindy subsequently executed a quitclaim deed for her interest in the marital home. She was later found to be in contempt of the court’s previous order but purged herself from being held in contempt by executing the quitclaim deed; however, David was awarded attorney’s fees.
I. THE CHANCELLOR ERRED IN FAILING TO SET ASIDE THE JUDGMENT OF DIVORCE WHICH WAS VOID FOR LACK OF JURISDICTION IN VIOLATION OF MISS. CODE ANN. § 93-5-11 (SUPP.2002).
¶ 5. Cindy Roberts argues strict conformation of the statute is required. Cindy contends that even though she brought the action in DeSoto County and David waived process and voluntarily attempted to submit to the jurisdiction, jurisdiction cannot be agreed on. Cindy further argues that though this is an appeal based on improper venue for Title 93 purposes venue is integrated into jurisdiction and the rules for jurisdictional requirements apply. She claims this would render a judgment void.
¶ 6. Mississippi Code Annotated Section 93-5-11 (Rev.1994) addresses the filing of divorce complaints: Mississippi Code Annotated Section 93-5-11 is patterned after Section 2738 of the Code of 1942. If the defendant be a resident of this state, the complaint shall be filed in the county in which such defendant resides or may be found at the time, or in the county of the residence of the parties at the time of separation, if the plaintiff be still a resident of such county when the suit is instituted. If one party is not a resident of this state, then the complaint shall be filed in the county where the resident party resides. Miss.Code Ann. § 93-5-11 (Rev.1994). “This statute is not a mere statute of venue that may be waived but one of jurisdiction of subject matter of the suit.” Price v. Price, 202 Miss. 268, 274, 32 So.2d 124 (1947). “The words ‘or may be found at the time’, relative to the general statute, applies either to a non-resident of the State or to a citizen of this State who has no actual domicile or fixed place of residence.” Ross v. Ross, 208 So.2d 194, 196 (Miss.1968).
¶ 7. In domestic relations cases filed under Title 93 of the Mississippi Code of 1972, the Mississippi Supreme Court has held that if proper venue is lacking, a bill for divorce must be dismissed, not transferred. Price v. Price, 202 Miss. 268, *477 274, 32 So.2d 124, 126 (1947); Cruse v. Cruse, 202 Miss. 497, 500, 32 So.2d 355, 355 (1947) (emphasis added). If the court is without jurisdiction — subject matter or personal — no one is bound by anything the court may say regarding the (de)merits of the case. Petters v. Petters, 560 So.2d 722, 723 (Miss.1990). A valid judgment requires (1) jurisdiction of subject matter, or of parties and (2) due process of the law. Bryant v. Walters, 493 So.2d 933, 938 (Miss.1986). If a court lacks jurisdiction or the requirements of due process are not met, the judgment is void and must be vacated. Id. at 937-38.
¶ 8. In Duvall v. Duvall, 224 Miss. 546, 80 So.2d 752, 755 (1955), this Court said: “We consider the sole question of whether the court ha[s] jurisdiction of the subject matter.” “It is well settled that a judgment rendered by a court having no jurisdiction of the subject matter is void, not merely voidable, and may be attacked directly or collaterally, anywhere, and at any time. Such a judgment is a usurpation of power and is an absolute nullity.” Id. (citations omitted).
¶ 9. Based on a substantial amount of black letter law this Court must reverse the decision of the DeSoto County Chancery Court. The court exercised jurisdiction over the parties that it did not have. As a matter of law no judgment exists and therefore the case, in its entirety, must be dismissed. We are compelled to reverse and remand this case with instructions to the chancellor to dismiss.
¶ 10. However, before the chancellor dismisses this case, a hearing should be held to determine if there is justification for the imposition of sanctions against Cindy Roberts and/or the attorney who represented her in the DeSoto County divorce proceeding, which appears to have been a frivolous action. Mississippi Rule of Civil Procedure 11 allows for sanctions to be imposed for frivolous and harassing pleadings. The extreme waste of time and resources of this State and David Roberts was caused by Cindy Roberts’ attempted manipulation of the judicial system; unhappy with the contempt proceedings, but satisfied, until then, with the divorce. There can be no doubt of the authority of our trial courts to assess reasonable attorney fees when in the opinion of the court a motion or pleading is frivolous. “More substantively, a pleading or motion is frivolous vrithin the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success.” Tricon Metals & Services, Inc. v. Topp, 537 So.2d 1331, 1335 (Miss.1989). “Frivolous filings impose substantial and unnecessary costs upon both litigants and the courts, and ultimately upon the public.” Id. If sanctions are ever proper, this is certainly one of those times.
¶ 11. The divorce action in DeSoto County appears to have been little, if any, short of frivolous, and therefore justifies consideration by the chancery court as to the appropriateness of sanctions pursuant to MRCP.
II. THE COURT ERRONEOUSLY HELD THAT THE APPELLANT WAS IN CONTEMPT OF COURT OF A VOID JUDGMENT.
¶ 12. A void judgment is just that, void. A litigant cannot be held in contempt of a void judgment. McKinney v. McKinney, 374 So.2d 230, 232 (Miss.1979).
III. THE COURT ERRED IN AWARDING ATTORNEY’S FEES AND EXPENSES FOR THE CONTEMPT OF A VOID ORDER AGAINST THE APPELLANT.
¶ 13. Attorney’s fees cannot be awarded as the court had no jurisdiction to *478 hear the case; therefore, there is no judgment for Cindy to be held in contempt of and likewise no attorney’s fees from a contempt proceeding. That is not to say as we said before, on a hearing hereafter the trial court, if it finds, may award attorney’s fees to David if the trial court finds a Rule 11 violation.
¶ 14. In view of the disposition of issues one, two and three we need not address the remaining issue.
¶ 15. THE ORIGINAL OPINION IS WITHDRAWN, AND THIS OPINION IS SUBSTITUTED THEREFOR. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS REVERSED, RENDERED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPEL-LEE.
KING, P.J., BRIDGES, LEE, MYERS AND CHANDLER, JJ„ CONCUR. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., IRVING AND GRIFFIS, JJ.