## TRAINUM *v.* TRAINUM

No. 40872 October 20, 1958 105 So. 2d 628

*Stovall & Price,* Corinth, for appellant.

*Johnson & Trout,* Senatobia, for appellee.

McGEHEE, C. J.

The appellant Bobby Trainum, who was 18 years of age, and the appellee Peggy Sue Trainum, who was 16 years of age, were married at Hernando, DeSoto County, Mississippi, on April 14, 1956. They separated on that same day, the appellant having carried the appellee to the home of her parents in Tate County, where she has since resided. He thereupon returned to the home of his father at Corinth in Alcorn County, Mississippi, where he re-entered the high school at the beginning of its next term, and where he has continued to reside since 1942, except for a temporary stay in DeSoto County for a period of approximately 6 weeks where his father was operating a portable sawmill, and where the appellant was employed.

On May 5, 1957, the appellee filed this suit in the Chancery Court of Tate County, where she still resided with her parents, and asked for a decree against the appellant for alimony pendente lite, separate maintenance, and attorney's fees, no decree of divorce having been sought by either of the parties in this litigation.

On Sunday after the suit was filed a summons was served on the appellant by personal service in DeSoto County when he was found in that County temporarily. Upon the filing of the bill of complaint the chancellor set the cause for hearing in vacation on May 17, 1957, in Tate County, and when the appellant appeared before the court at the vacation hearing in Tate County he was served with an additional summons in that county. He filed a petition wherein he objected to the cause being heard in Tate County for lack of venue therein, setting forth that he was a resident of Alcorn County at the time

the suit was filed and on the date of the vacation hearing therein. His objection to the venue of the case was denied and he thereupon asked for an interlocutory appeal to this court, but the chancellor ordered that the hearing proceed on the merits of the bill for alimony pendente lite, separate maintenance, and attorney's fees. At the conclusion of this hearing, wherein it was conclusively shown that the appellant was a resident of Alcorn County, Mississippi, and that the appellee and her father knew at the time the bill of complaint was filed that he was a resident of such county, the trial court instead of transferring the cause to the Chancery Court of Alcorn County, adjudicated that the appellant should pay unto the appellee the sum of $80 per month as alimony pendente lite for the support of the appellee and her child, whom the chancellor found was the child of the appellant, and also required that he should pay the total sum of $100 to her as an attorney's fee. The court further ordered that the appellant should stand committed until he should execute a bond in the sum of $500 to secure the payment of the award made to the appellee, as the same should become due and payable during the pendency of this appeal.

Thereupon the court granted an interlocutory appeal without supersedeas and an application was made to a member of this Court for the appeal with supersedeas, which was accordingly allowed.

This Court has heretofore overruled a motion of the appellee to docket and dismiss this appeal and there is now presented to this Court the question of whether or not the trial court, which had jurisdiction of the subject matter, had venue to hear the matter in Tate County on May 17, 1957, when the decree appealed from was granted.

The appellant in his brief discusses Sections 2738 and 1274 of the Code of 1942, in support of his motion in the trial court for the case to be there dismissed.

But we find that the question at issue is controlled by Section 1441, Code of 1942, which reads as follows: "Where an action is brought in any circuit, chancery, county, or justice of the peace court of this state, of which the court in which it is brought has jurisdiction of the subject matter, but lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred to the venue to which it belongs."

 Since the trial court should have transferred the case to the venue to which it belonged we do hereby reverse the decree rendered in Tate County and order that the cause be transferred to the Chancery Court of Alcorn County for hearing on the appellee's bill of complaint for alimony pendente lite, separate maintenance, and attorney's fee; this being the judgment which should have been rendered by the trial court.

The decree of the chancery court is reversed and the cause ordered to be transferred for hearing to the Chancery Court of Alcorn County, this being a case where the Chancery Court of Tate County, although having jurisdiction of the subject matter, did not have venue to proceed against the sole defendant who was a resident citizen of Alcorn County and had made timely objection to the venue. See Sections 1274 and 2738, Code of 1942, and Sections 27, 151 and 155, Griffith's Mississippi Chancery Practice, and the cases thereunder cited.

Reversed and cause transferred accordingly.

*Lee. Kyle, Arrington* and *Gillespie, JJ.,* concur.