PATTERSON, Justice:
This creditor’s suit arises from a decree of the Chancery Court of Leflore County favorable to the complainant. There Wi-nona Elevator Company, hereinafter Wi-nona, sued James L. Green, hereinafter Green, his wife and son for fraudulently conveying, it is alleged, a large quantity of soybeans. The principal issue is venue, occasioned by the situs of the soybeans in Leflore County and Green’s residence in Choctaw County.
On February 16, 1973, Green entered into a contract with Winona, a Mississippi corporation, with its principal place of business in Montgomery County for the delivery of 10,000 bushels of soybeans to it on or before December 31, 1973, for $4.15 per bushel.
In reliance upon this agreement Winona contracted the sale of 10,000 bushels of beans to the Co-Op Elevator Company of Greenwood, Leflore County. When Green failed to deliver as he had agreed to do, Winona purchased soybeans at a higher price to fullfill its contract with Co-Op Elevator Company.
After December 31, 1973, Winona demanded delivery of the beans from Green and upon his failure to deliver in accord with the contract, billed him for $13,500, the difference between the price of the beans that Green had agreed to deliver and the price the company was required to pay for them on the open market. Thereafter, Winona received information that Green had stored approximately 16,132 bushels of soybeans in the Co-Op Elevator Company of Greenwood, and filed its bill in Leflore County alleging that Green had fraudulently conveyed soybeans owned by him to his wife and son.
An affidavit of sequestration was also filed to detain 2,250 bushels of the beans, aggregate value of $13,500, within the state to protect the complainant’s interest.
The defendant, preliminary to trial, moved for a change of venue to Choctaw County, his place of residence, invoking Mississippi Code Annotated section 11-5-5 (1972) which states in part that such change may be made “upon the same terms, and for the same causes provided for in the circuit court, . . . ” and, of course, Mississippi Code Annotated section 11-11-3 (1972) provides, with some exceptions, that venue belongs to the county of the residence of the defendant. This motion was overruled by the trial court. We affirm.
The bill of complaint alleges that Green fraudulently conveyed the greater portion of the soybeans to his wife and son for the purpose of hindering, delaying or defrauding the complainant from subjecting the *226 beans to the satisfaction of its demand arising from the breach of contract. The bill of complaint is in accord with Mississippi Code Annotated section 11-5-75 (1972) entitled Creditors may attack fraudulent conveyances, wherein it is provided that writs of sequestration may issue to establish a lien upon the property of the debtor to protect the creditor’s interest, and see Griffith, Mississippi Chancery Practice, section 495 (2d ed. 1950).
In determining venue of a chancery suit it is necessary to consider the appropriate statute. In Griffith, Mississippi Chancery, Practice, section 151 (2d ed. 1950) it is stated:
The venue of suit in equity in our state is governed entirely by statute.
There do not appear to be any specific provisions in the sequestration statute, Mississippi Code Annotated section 11 — 29— 1 et seq. (1972) establishing venue, nor do we find any Mississippi cases thereon. This necessitates consideration of the general statute on venue appertaining to chancery courts. Mississippi Code Annotated section 11-5-1 (1972) in part provides :
. . . [S]uits respecting real or personal property may be brought in the chancery court of the county in which the property, or some portion thereof, may be; .
The allegations of the bill of complaint and the evidence thereon reveal that the personal property, the subject of this suit, was located in Leflore County. In our opinion it necessarily follows that venue was in that county since the specific terms of Mississippi Code Annotated section 11-5-1 (1972), supra, prevail over the general terms of Mississippi Code Annotated section 11-11-3 (1972) which places venue generally in the county of the defendant’s residence “except where otherwise provided,” this suit being in one of the categories otherwise provided for.
The remaining assignments of error concerning violation of the gambling statutes and unconscionability of the contract have been reviewed and in our opinion are of insufficient merit to require the cause to be reversed.
Affirmed.
GILLESPIE, ,C. J-, RODGERS, P. J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.