577 So.2d 378 (1991)
Russell Arthur DUNN
v.
Johnnie La Vera DUNN.
No. 90-CA-0251.
Supreme Court of Mississippi.
March 6, 1991.
*379 Christopher A. Tabb, Brandon, for appellant.
E. Michael Marks, John Robert White, Jr., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and McRAE, JJ.
SULLIVAN, Justice, for the Court:
The Dunns were married on May 13, 1965. They purchased a home in Brandon, Rankin County, Mississippi, at 204 Harbor View Road and resided there until November 20, 1987, when Dr. Dunn left the home. Dr. Dunn lived in a motel for a brief period in Jackson, Hinds County, Mississippi, then moved in as a guest with a Mr. and Mrs. Hardwick at 3817 Meadowlane, Jackson, Hinds County, Mississippi.
On January 22, 1988, Mrs. Dunn filed a complaint for separate maintenance, and on January 25, 1988, Dr. Dunn was served a summons at the Hardwick residence in Hinds County, Mississippi. Dr. Dunn responded by filing a cross-bill for divorce in which he timely objected to venue. Dr. Dunn also filed a motion for a change of venue. In Dr. Dunn's motion he stated by affidavit that he had lived at 204 Harbor View Road, Brandon, Rankin County, Mississippi, since the summer of 1986 until November 20, 1987; that he had and continued to practice medicine in Brandon, Rankin County, Mississippi; that his homestead exemption was filed in Rankin County, Mississippi; and that he was a registered voter in Rankin County, Mississippi. Although he stayed as a guest with the Hardwicks in their home in Hinds County, Dr. Dunn considered himself a guest there. He maintained that he was a resident domiciled in Rankin County, Mississippi. The Chancery Court of Hinds County, Mississippi, overruled the motion for change of venue.
The case came on for trial and at the conclusion of the plaintiff's case, Dr. Dunn moved to dismiss for failure of the plaintiff to prove venue, contending that the house in Rankin County was his official residence and was still owned by him, and he was still registered to vote and did vote in Rankin County, Mississippi.
The chancellor allowed Mrs. Dunn to reopen her case in chief to show venue, and although Dr. Dunn objects to this procedure by the chancellor, this Court has said ... "the opportunity to reopen should be granted when the opposing party would not be surprised and when a refusal would deprive a litigant of the opportunity to introduce material evidence." Reagan Equipment Co. v. Vaughn Gin Co., 425 So.2d 1045, 1047 (Miss. 1983). After hearing the testimony of Mrs. Dunn on venue, the chancellor noted he had previously decided the venue issue on February 2, 1988. He saw no reason to change his prior ruling at trial. The chancellor then proceeded to grant Mrs. Dunn's petition for separate maintenance making numerous orders touching her support and maintenance, all of which are appealed by Dr. Dunn.
Because we find that the chancellor was manifestly wrong in finding that venue lay in the Chancery Court of Hinds County, Mississippi, we will not discuss the other issues raised by Dr. Dunn in this appeal.
Venue for a separate maintenance suit is controlled by our general venue statute which reads in pertinent part:
[A]nd all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found... .
Miss. Code Ann. § 11-5-1 (1972), as Amended.
Under both our statutory law and Rules of Civil Procedure, if venue is improper, the court on timely motion shall transfer the action to the court in which it might properly have been filed. See Miss. R.Civ.P. 82; Miss. Code Ann. § 11-11-17 (Supp. 1990). We previously have reversed *380 and remanded actions for transfer to the proper county when the trial court erred in declining to transfer a cause to a county of proper venue. Blackledge v. Scott, 530 So.2d 1363, 1366 (Miss. 1988); Gillard v. Great Southern Mtg. & Loan Corp., 354 So.2d 794, 796 (Miss. 1978); Trainum v. Trainum, 234 Miss. 448, 452, 105 So.2d 628, 630 (1958).
Never to be overlooked when such issues are raised in the trial courts is our policy that a defendant sued alone in personam shall be sued in the county of his residence. Ross v. Ross, 208 So.2d 194, 195 (Miss. 1968). The defendant having timely objected to venue and moved to transfer, the trial court was bound to transfer this cause to the defendant's and plaintiff's residence.
We are loath to declare a chancellor manifestly wrong and therefore we closely examine the evidence in this record as it touches upon venue in this suit for separate maintenance. If the defendant be a resident of this state, by statute the action should have been brought in the county in which Dr. Dunn resides or may be found at the time. See Miss. Code Ann. § 11-5-1 (1972), as Amended.
Clearly, Dr. Dunn was found in Hinds County at the time the suit was filed and clearly he was a resident of the State of Mississippi. Therefore, it appears to us that the first issue to be determined is what does the statutory language "[o]r may be found at the time ... ." mean?
We have defined "may be found" as a reference only to non-residents of the state, and to those who have no fixed place of residence within the state. In re Estate of Erwin, 317 So.2d 55, 57 (Miss. 1975); Ross v. Ross, 208 So.2d at 196. We have recognized that "[t]he statute holds no such intent that a resident may be caught on the wing and sued in any county where he may be temporarily found." Ross v. Ross, 208 So.2d 194, 195 (Miss. 1968); Griffith, Miss. Chancery Prac. (2d ed.) § 155 at 339 (1950). Therefore, we find that Dr. Dunn was not found within the meaning of the general venue statute in Hinds County.
Next we must then determine where Dr. Dunn resided at the time Mrs. Dunn initiated this action. As early as 1938, this Court has held that the word "residence" as used in divorce statutes is synonymous with "domicile," and that temporary absence by reasons of position did not change the residence of the party. Bilbo v. Bilbo, 180 Miss. 536, 549, 177 So. 772, 775 (1938). We find this reasoning persuasive and applicable to determine Dr. Dunn's residence within the meaning of the general venue statute. The mere fact that Dr. Dunn was not actually present in his home does not mean that this was not his residence.
In light of the fact that Dr. Dunn still owned a home in Rankin County, Mississippi, still considered it his residence, was registered to vote and did vote in Rankin County, and had homestead exemption on a home in Rankin County, we find that the chancellor was manifestly wrong when he found that because Dr. Dunn was temporarily residing in Hinds County, Mississippi, where he was found for the service of process, the Hinds County Chancery Court had jurisdiction and venue of this cause. The chancellor should have declined to hear this matter and transferred it to the Chancery Court of Rankin County.
For the reasons set forth above, we therefore reverse this cause and remand it to the Chancery Court of Hinds County, with instructions that it promptly transfer the action to the Rankin County Chancery Court under Miss.R.Civ.P. 82.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.