# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-IA-01516-SCT

*DUDLEY GUICE, SR.*

*v.*

*MISSISSIPPI LIFE INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/01/2000 |
| TRIAL JUDGE: | HON. WILLIAM JOSEPH LUTZ |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | T. JACKSON LYONS |
| | BRYAN HOWARD CALLAWAY |
| ATTORNEYS FOR APPELLEE: | KENNA L. MANSFIELD, JR. |
| | WALTER D. WILLSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 01/30/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     On March 21, 2000, Mississippi Life Insurance Company ("MS Life") filed suit in the Chancery Court of Madison County against Dudley Guice, Sr. ("Guice"), alleging that he fraudulently induced MS Life to enter into two disability credit insurance policies covering promissory notes on vehicles that he had purchased and that he had filed fraudulent claims thereunder.  The complaint sought, among under things, a declaratory judgment regarding the legal existence of certain of the certificates and proceeds allegedly due thereunder.   Guice's  motion to transfer venue to Jefferson County was denied by the trial court.  At Guice's request, the chancellor entered an order certifying the matter for an interlocutory appeal.  Guice

petitioned this Court for an interlocutory appeal, which was thereafter granted. *See* M.R.A.P. 5. This Court holds that MS Life's choice of venue should not be disturbed.

## FACTS

¶2.     MS Life's claims are based on Guice's applications for credit disability insurance when he purchased four vehicles from four different dealerships during an eleven-day period. The automobiles were purchased from the following dealers: (1) Blackwell Imports in Jackson, August 13, 1999; (2) Infiniti of Jackson, August 16, 1999; (3) Mark Escude Nissan North, August 18, 1999; and (4) Rivertown Lincoln -Mercury Toyota in Vicksburg, August 24, 1999.

¶3.     The dealers each had group credit life and disability insurance policies with MS Life. At the time of each purchase, Guice applied for coverage under these policies. It appears that MS Life concedes that two certificates were issued for credit disability insurance under Blackwell and Rivertown Lincoln-Mercury's group policies. As to the vehicles purchased at Infiniti of Jackson and Mark Escude Nissan North, MS Life rejected coverage because the amount of the coverage applied for, when combined with the coverage already in force, exceeded the maximum benefit limit underwritten by MS Life. Notice of this rejection was given to Guice by letter dated September 21, 1999. MS Life refunded the premium to the creditors, Trustmark National Bank and Deposit Guaranty National Bank, to be applied to his note. Guice claims that he never received the denial notices.

¶4.     Guice was injured on October 12, 1999, in a four-wheeler accident in Jefferson County. The various claim forms and hospital records reveal that Guice broke his leg, sprained an ankle, and strained his back. Guice was ultimately admitted to Natchez Community Hospital. He filed claims under the policies he applied for at the time he purchased the vehicles.

2

¶5.    Guice made his first claim for disability benefits under the MS Life credit disability certificates approximately three months after purchasing the vehicles, during the last week of November 1999.  MS Life paid benefits under the Blackwell and Rivertown certificates, paying Trustmark National Bank on behalf of Guice $2025.48 and paying Deposit Guaranty National Bank on behalf of Guice $2000.00, for a total of $4025.45.

¶6.    MS Life filed this suit in the Madison County Chancery Court to have the Blackwell and Rivertown certificates declared null and void ab initio and for a declaratory judgment that the Infiniti and Mark Escude certificates never came into existence.  In short, MS Life asserts that Guice committed insurance fraud.  Additionally, MS Life seeks to be reimbursed for the amounts paid to Trustmark National Bank and Deposit Guaranty National Bank on behalf of Guice, plus costs and attorney's fees.   Further, MS Life seeks an award of punitive damages in an amount sufficient to punish Guice and deter such conduct.

¶7.    In finding venue appropriate in Madison County, the chancellor found that the suit was one respecting MS Life's personal property in Madison County:

> MS Life will perform its contractual obligations, if any, in Madison County, and such obligations include preparing checks and paying moneys due under the contracts, if any. . . MS Life's money constitutes personal property that is located and maintained in Madison County.  The certificates issued by MS Life to Guice also constitute personal property and the original certificates are located and maintained at MS Life's principal offices in Madison County.

¶8.    Agreeing with the chancellor, MS Life contends that venue was proper in Madison County pursuant to Miss. Code Ann. § 11-5-1 (Rev. 2002) because this action is clearly one "respecting. . . personal property,"  and the items of personal property at issue in this case, the four insurance certificates and MS Life's money, are located in Madison County.  Guice, however, argues that the chancellor has confused an action in rem with a personal action against Guice alleging fraud.  He contends that this is an in personam

3

action, and the case should be transferred to the Chancery Court of Jefferson County, the county where Guice resides.

## DISCUSSION

¶9.     The sole issue before us is whether Madison County is appropriate venue for this action regarding insurance certificates and whether Guice is entitled to the insurance proceeds. Guice requested that this matter be transferred to Jefferson County based on his status as a defendant and his residence in Jefferson County pursuant to Miss. Code Ann. § 11-5-1. The chancellor denied the motion to transfer, but did grant Guice's request for certification of an interlocutory appeal.

¶10.    An application for a change of venue is addressed to the discretion of the trial judge, and his ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case. *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 181 (Miss. 1999) (citing *Estate of Jones v. Quinn*, 716 So.2d 624, 626 (Miss.1998); *Beech v. Leaf River Forest Prods., Inc*., 691 So.2d 446 (Miss.1997); *Miss. State Highway Comm'n v. Rogers*, 240 Miss. 529, 128 So.2d 353, 358 (1961)).

¶11.    The venue of a suit in equity in our state is governed entirely by statute. *Green v. Winona Elevator Co.*, 319 So.2d 224, 226 (Miss. 1975)(quoting Griffith, *Mississippi Chancery Practice*, § 151 (2d ed. 1950)). This necessitates consideration of the general statute on venue appertaining to chancery courts. Miss. Code Ann. § 11-5-1 in part provides: "[s]uits respecting real or personal property may be brought in the chancery court of the county in which the property or some portion thereof, may be . . . . "

¶12.    This Court has repeatedly stated that "[w]here a statute is clear and unambiguous, no further statutory construction is necessary and the statute should be given its plain meaning." *Miller v. Meeks*,

762 So.2d 302, 305 (Miss. 2000); *OXY USA, Inc. v. Miss. State Tax Comm'n*, 757 So.2d 271, 274 (Miss. 2000); *City of Natchez v. Sullivan*, 612 So.2d 1087, 1089 (Miss. 1992). The chancery court venue statute is not ambiguous, and Guice does not contend otherwise.

¶13.    The items of personal property, the certificates and money held by MS Life, are the subject of this lawsuit and, therefore, establish venue in Madison County. Similar to the case before us, *Green v. Winona Elevator Co.*, 319 So.2d 224 (Miss. 1975), concerned an action to set aside an allegedly fraudulent conveyance of personal property, soybeans. *Id.* at 225. This Court established that venue was in the county where the property was located since the specific terms of Miss. Code Ann. § 11-5-1 prevail over the general terms of  § 11-11-3. *Id.* at 226. Miss. Code Ann. § 1-3-41 (1998) defines personal property when used in any statute to "include goods, chattels, evidences of rights of action, and all written instruments by which any pecuniary obligation, or any right, title, or interest in any real or personal estate, shall be created, acknowledged, transferred, incurred, defeated, discharged, or diminished." Morever, this Court has clarified the term "personal property" and held that said term includes anything which is or can be the subject of ownership, including money. *Watson v. Caffery*, 236 Miss. 223, 233, 109 So.2d 862, 866 (1959). The term "respecting" has been defined as "to have regard to; to have reference to; to relate to. . ." Webster's Revised Unabridged Dictionary 1934 (1996). Since this case concerns personal property, it is one of the categories otherwise provided for in Miss. Code Ann. § 11-5-1 and was properly brought in Madison County.  Additionally, since the property was purchased in Hinds and Warren counties, the plaintiff had the option to sue in those counties.  Ultimately, the controlling principle here is that it is the plaintiff's choice to decide where to sue the defendant among the permissible venues, and MS Life selected

Madison County as its choice of venue. ***Stubbs v. Miss. Farm Bureau Cas. Ins. Co.***, 825 So. 2d 8, 14 (Miss. 2002).

¶14.   MS Life will perform its contractual obligations such as preparing checks and paying money due under the contracts in Madison County. MS Life's money is located and maintained in Madison County. The original certificates issued by MS Life to Guice are located and maintained at MS Life's principal offices in Madison County. Moreover, MS Life processed and paid Guice's allegedly fraudulent credit disability claims from its offices in Madison County.

¶15.   The allegations and the evidence  reveal that the personal property, the subject of this lawsuit, is located in Madison County. Using the language of this Court in ***Green***, it follows that:

> [V]enue was in that county since the specific terms of Mississippi Code Annotated section 11-5-1(1972), supra, prevail over the general terms of Mississippi Code Annotated section 11-11-3 (1972) which places venue generally in the county of the defendant's residence ***"except where otherwise provided***," this suit being in one of the categories otherwise provided for.

***Green***, 319 So. 2d at 226 (emphasis added). Additionally, the language of the chancery court venue statute, is unambiguous: "***and all cases not otherwise provided*** may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found . . . " Miss. Code Ann. § 11-5-1 (emphasis added). Since this suit concerns personal property, it is one of the categories otherwise provided for.

¶16.   Guice alleges that MS Life's complaint is entirely in personam in nature; and therefore, venue is inappropriate in Madison County. However, in rem versus in personam is not the standard imposed by the chancery court venue statute. Because venue in Mississippi courts is "governed entirely by statute," an in rem versus in personam distinction is irrelevant to the Court's application of § 11-5-1. *See **Green***, 319 So.2d at 226. The central issue is whether the suit is one "respecting. . . personal property." This matter

6

concerns whether there was a fraudulent conveyance of certificates and whether MS life must pay Guice. Such a suit concerns personal property; and therefore, venue is appropriate where the personal property is located, Madison County.

## CONCLUSION

¶17.    After a thorough review of the relevant law and facts, we conclude that Madison County is an appropriate venue for this matter. The chancellor did not abuse his discretion in determining that this suit is one respecting personal property and that MS Life's choice of venue should not be disturbed. The order denying Guice's motion to transfer venue is affirmed, and this case is remanded to the Madison County Chancery Court for further proceedings.

¶18.    **AFFIRMED AND REMANDED.**

**PITTMAN, C.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WALLER, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, P.J., COBB AND CARLSON, JJ. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J.**

**WALLER, JUSTICE, SPECIALLY CONCURRING:**

¶19.    I concur with the majority, but I must point out that the circuit court has subject matter jurisdiction over this matter and it was error for the chancellor to assume jurisdiction.

¶20.    Both MS Life and Guice's claims pertain to the interpretation of the insurance policy, the duties and obligations of the parties to the insurance policy, and the performance of those duties and obligations. These types of claims are historically tried by a jury and are best heard in circuit court. *United States Fid. & Guar. Co. v. Estate of Francis*, 825 So. 2d 38, 45 (Miss. 2002); *Southern Leisure*

7

*Homes, Inc. v. Hardin*, 742 So. 2d 1088, 1090 (Miss. 1999). If any doubts arise as to the jurisdiction of the chancery court, those doubts should be decided in favor of transfer to circuit court for a trial by jury.

*Estate of Francis*, 825 So. 2d at 45; *Southern Leisure Homes*, 742 So. 2d at 1090.

¶21.    Therefore, jurisdiction properly lies in the circuit court. However, because the parties did not raise this issue on appeal, and because we affirm the chancellor's decision, the Court cannot remand this case to the circuit court, even though it is the court that has subject matter jurisdiction. As we have recently stated:

> [W]here the chancellor erroneously assumed jurisdiction of a common law action, the right to trial by jury had been taken away. . . .  In doing this, the net result is that trial by jury shall remain inviolate except in cases where the chancellor's erroneous assumption of jurisdiction is the only error in the proceeding. Despite the mandate of § 147, we look with disfavor upon and consider it an abuse of discretion for a chancellor to assume jurisdiction of a common law action which properly should be tried in a court of law where the right to trial by jury remains inviolate. But absent other error, we cannot reverse.
>
> * * *
>
> This Court has reversed the judgment of a lower court when error other than the lack of subject matter jurisdiction has been found.

*Estate of Francis*, 825 So. 2d at 44.

¶22.    I concur with the majority's opinion, but I caution parties to respect the exclusive jurisdiction of our courts of equity and courts of law.

**SMITH, P.J., COBB AND CARLSON, JJ., JOIN THIS OPINION.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

8

¶23. As the majority points out, venue in a suit in equity is governed entirely by statute. ***Green v. Winona Elevator Co.***, 319 So.2d 224, 226 (Miss. 1975). Miss. Code Ann. § 11-5-1 (Rev. 2002) in pertinent part provides:

> [s]uits respecting real or personal property may be brought in the chancery court of the county in which the property or some portion thereof, may be; **and all cases not otherwise provided may be brought in the chancery court of any county where the defendant . . . may reside or be found ....**

(emphasis added).

¶24. The central issue in this case is whether this suit is one "respecting . . . personal property" or an in personam action. Contrary to the majority's holding, the certificates and money held by MS Life are not the subject of this law suit. This is not an in rem proceeding nor is it a proceeding against personal property. The complaint alleges fraud in procuring credit disability insurance policies on four automobiles and submission of false claims under said policies. Fraud and submission of false claims are in personam proceedings. It is irrelevant that the insurance certificates and MS Life's money are located in Madison County. The money and location of the certificates of insurance are ancillary to the allegations. To allow such factors to weigh in venue selection is preposterous. Any effects on the property of either party in this case are incidental and insufficient to warrant treating this case as if it were against personal property.

¶25. As this is not a suit respecting real or personal property, venue is proper in Jefferson County since cases not involving real or personal property "may be brought in the chancery court of any county where the defendant . . . may reside or be found....." Miss. Code Ann. § 11-5-1. Guice lives in Jefferson County. Madison County only houses MS Life's money and home office. These two factors do not place venue in Madison County; they are not the subject of the lawsuit.

¶26. Additionally, this Court has stated that "a defendant sued alone *in personam* shall be sued in the county of his residence." ***Dunn v. Dunn***, 577 So.2d 378, 380 (Miss. 1991) (citation omitted). If venue

9

is improper, a court must transfer the action upon the defendant's objection to the venue to which it might properly have been filed. Miss. Code Ann. § 11-11-17 (Supp. 2002); Miss. R. Civ. P. 82 (d).

¶27.    Furthermore, the majority's holding creates a loop hole that will allow future plaintiffs to file lawsuits wherever they keep their insurance policies, files or contracts and wherever any monies in conjunction with an insurance policy, file or contract are located.

¶28.    For these reasons, I respectfully dissent.

**DIAZ, J., JOINS THIS OPINION.**