DIAZ, J.,
for the Court:
¶ 1. Charles David Stark, the appellant, appeals the order of the Grenada County Chancery Court which dismissed the bill for divorce instituted by his wife, Sheila Taylor Stark. Charles asserts that the chancellor improperly dismissed the divorce action since it was filed in the wrong county instead of transferring it to a county where venue was proper. We find that the chancellor properly dismissed the action for lack of proper venue. Therefore, we affirm the ruling of the court below.
FACTS
¶ 2. On April 30, 1997, Sheila filed a bill for divorce against Charles in the Grenada County Chancery Court. At the time of the filing, Sheila was a resident of Calhoun County and Charles was a resident of Ya-lobusha County. All parties conceded and agreed that the Grenada County Chancery Court did not have jurisdiction in this divorce action.
¶ 3. Charles filed a motion to transfer the divorce action to the Yalobusha County Chancery Court. Sheila responded that the action should not be transferred but should be dismissed. The court denied the motion to transfer and dismissed the bill for divorce. Feeling aggrieved, Charles perfects this appeal.
DISCUSSION
¶ 4. Mississippi Code Annotated Section 93-5-11[1] (Rev.1994) addresses the filing of divorce complaints:
If the defendant be a resident of this state, the complaint shall be filed in the county in which such defendant resides or may be found at the time, or in the county, of the residence of the parties at the time of separation, if the plaintiff be still a resident of such county when the suit is instituted.... If one (1) party is not a resident of this state, then the complaint shall be filed in the county where the resident party resides.
¶ 5. Mississippi Rule of Civil Procedure 82[2] addresses jurisdiction and venue:
(b) Venue of Actions. Except as provided by this rule, venue of all actions shall be as provided by statute.
[[Image here]]
(d) Improper Venue. When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein. The expenses of the transfer shall be borne by the plaintiff. The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one court.
(emphasis added).
¶ 6. Mississippi Rule of Civil Procedure 81 states in pertinent part:
*33 (a) Applicability in General. These rules apply to all civil proceedings but are subject to limited applicability in the following actions which are generally governed by statutory procedures.
[[Image here]]
(9) Title 98 of the Mississippi Code of 1972 [Domestic Relations];
[[Image here]]
Statutory procedures specifically provided for each of the above proceedings shall remain in effect and shall control to the extent they may be in conflict with these rules; otherwise these rules apply.
(emphasis added).
¶ 7. In domestic relations cases filed under Title 93 of the Mississippi Code of 1972, the Mississippi Supreme Court has held that if proper venue is lacking, a bill for divorce must be dismissed, not transferred. Price v. Price, 202 Miss. 268, 274, 32 So.2d 124, 126 (1947); Cruse v. Cruse, 202 Miss. 497, 500, 32 So.2d 355, 355 (1947) (emphasis added). According to the Mississippi Supreme Court, compliance with Section 93-5-11 is mandatory, and Section 11-11-17 is not a modification of that statute. Price, 202 Miss. at 273, 32 So.2d at 126. Notably, Section 11-11-17 only applies to justice courts now, therefore that section does not control Section 93-5-11.
¶ 8. Like the plaintiffs in Price and Cruse, Charles relies on Mississippi Code Annotated Section 11-11-17 to assert that the action should have been transferred to a competent jurisdiction; however, as stated in Cmse and Price, this section is a general statute without application to the divorce statutes. Furthermore, since Section 11-11-17 no longer applies to chancery matters, Charles’s reliance on that section is misplaced. Charles also relies on Rule 82(d) to hold that if venue is improper, the action should be transferred instead of dismissed. However, Sheila argues that Rule 81(a)(9) defers the resolution of conflicts between the rules and the statutes in domestic relations cases to the specific statutory authority set forth by the legislature.
¶ 9. Here, Sheila incorrectly filed this divorce action in Grenada County. It is undisputed that proper venue was lacking in this divorce action since neither party resided in Grenada County at the time of the filing of the complaint. Under Title 93 Domestic Relations as it was interpreted in Price, the only proper action for the chancellor to take was to dismiss the bill. This bill for divorce could not be legally transferred to another court. Therefore, Charles’s motion to transfer the bill for divorce was properly denied. Accordingly, we find that the chancery court properly dismissed the bill for divorce for lack of venue. Therefore, we affirm that dismissal.
¶10. THE ORDER OF THE CHANCERY COURT OF GRENADA COUNTY DISMISSING THE BILL FOR DIVORCE FOR LACK OF VENUE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, LEE PAYNE, and THOMAS, JJ., CONCUR.
BRIDGES and IRVING, JJ., NOT PARTICIPATING.

. Mississippi Code Annotated Section 93-5-11 is patterned alter Section 2738 of the Code of 1942.

. Mississippi Rule 82(d) is patterned after Mississippi Code Annotated Section 11-11-17 (1972) which is based on Section 1441 of the Code of 1942.