## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00278-SCT

*MITCHELL STUART SLAUGHTER*

*v.*

*MONICA WOODS SLAUGHTER*


DATE OF JUDGMENT:                1/29/2003
TRIAL JUDGE:                     HON. WILLIAM G. WILLARD, JR.
COURT FROM WHICH APPEALED:       COAHOMA COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:         CHARLES E. WEBSTER
                                 TINA MARIE DUGARD SCOTT
ATTORNEY FOR APPELLEE:           NANCY ALLEN WEGENER
NATURE OF THE CASE:              CIVIL - DOMESTIC RELATIONS
DISPOSITION:                     AFFIRMED IN PART; REVERSED AND
                                 RENDERED IN PART - 04/01/2004

MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     On this appeal issues of venue and jurisdiction in a divorce and custody proceeding are raised, however, the main issue to be addressed is whether a chancery court may dismiss a contested divorce for lack of jurisdiction pursuant to Miss. Code Ann. § 93-5-11 (Rev. 1994) yet retain the action based upon irreconcilable differences. In addition, the question is raised as to whether Miss. Code Ann. § 93-11-65 (Supp. 2003) can confer jurisdiction for a contested divorce.

¶2.     This Court finds that the Coahoma County Chancery Court correctly ruled that it lacked jurisdiction over the fault ground of divorce, habitual cruel and inhuman treatment, pursuant

to the venue requirements of Miss. Code Ann. § 93-5-11. This Court also finds that the chancellor erred by retaining the divorce action on the ground of irreconcilable differences. The chancellor could not "cure" the failure to file the action in the proper venue by solely dismissing the contested ground of divorce. Mitchell Stuart Slaughter (Mitchell) argued that Coahoma County never had jurisdiction over the divorce, he never consented to a divorce on the grounds of irreconcilable differences nor entered into a joint bill and separation agreement. The chancellor never had jurisdiction over the divorce and should not have considered the divorce action. Furthermore, Mitchell filed a motion to consolidate and transfer the Coahoma County divorce action to the Chancery Court of the First Judicial District of Chickasaw County where he later filed a contested divorce, including custody and support issues. This Court finds that the Coahoma County chancellor cannot consolidate and transfer as to the issue of divorce since Coahoma County never had jurisdiction over the divorce.

¶3.     As for the custody issue, Monica Woods Slaughter (Monica) and Mitchell, respectively argued that Coahoma County or Chickasaw County are the proper venues. This case was filed as a complaint of divorce, motion for temporary support and motion for temporary restraining order and injunctive relief. Reading the applicable domestic relations statutes, §§ 93-5-11, 93-5-23 and 93-11-65, together, it is clear that in a situation similar to the facts presented today, that the custody issue cannot be severed from the divorce proceedings to circumvent the statutory requirements. To allow otherwise would promote forum shopping by parties and not be in the interest of promoting judicial economy. Accordingly, we find that the chancellor

2

erred by not granting the motion to dismiss, in toto, for the issue of divorce and custody. Since the Coahoma County chancellor should have granted Mitchell's motion to dismiss in toto, the chancellor did not have authority to consolidate and transfer the custody matter to Chickasaw County where Mitchell filed for divorce. Therefore, we affirm in part and reverse and render in part.

## Procedural History

¶4.     Monica Woods Slaughter (Monica) and Mitchell Stuart Slaughter (Mitchell) were married on June 30, 2001, in Coahoma County, Mississippi.  The couple lived in Chickasaw County after their marriage.  At the time of their separation on October 28, 2002, the couple separated and lived in Chickasaw County.  Monica left the marital home on October 28, 2002, and returned to the home of her parents in Coahoma County.  Two days later, on October 30, 2002, Monica filed a single document titled  Complaint for Divorce, Motion for Temporary Support and Motion for Temporary Restraining Order and for Injunctive  Relief in the Chancery Court of Coahoma County.  The divorce alleged the fault grounds of habitual cruel and inhuman treatment and, in the alternative, irreconcilable differences.  *See* Miss. Code Ann. § 93-5-1 and § 93-5-2 (paragraphs VI and VII of the Complaint).  At the time of this filing, the couple had one five month old child, Justin.[1]

¶5.     On November 20, 2002, Mitchell filed a motion to dismiss.  In his motion, Mitchell asserted that pursuant to Miss. Code Ann. § 93-5-11 the proper venue for filing the complaint

---

[1] At the time of the initial filing of the divorce action, Monica alleged that she did not know of her second pregnancy which resulted in the birth of another child in 2003.

for divorce was Chickasaw County, the place of his residence as the defendant. Furthermore, Monica and Mitchell separated in Chickasaw County. Mitchell argued that Coahoma County lacked jurisdiction to hear the case. On November 22, 2002, both parties appeared at a hearing on the matter. Prior to the written ruling on the motion, Mitchell filed a Complaint for Divorce, Custody and other relief in Chickasaw County.[2] On December 13, 2002, the chancellor filed its order denying the motion to dismiss in part and granting temporary relief. The chancellor dismissed the fault ground divorce, but it retained jurisdiction over the action solely on Monica's request for an irreconcilable differences divorce, and the custody and support issues. The order stated in part:

> This Court has jurisdiction of the parties hereto and the subject matter herein as they relate to divorce on the sole ground of irreconcilable difference pursuant to § 93-5-11. This Court has jurisdiction of the custody and support of the minor child pursuant to § 93-11-651(a)[3] (sic). This Court has additional authority pursuant to § 95-11-23[4] (sic) to determine custody and support of a minor child[.] Venue is proper in Coahoma County. **This Court does not have jurisdiction over the matter of the divorce on the ground of habitual cruel and inhuman treatment pursuant to § 93-5-11[.]**

(emphasis added).

¶6.     Thereafter, Mitchell filed his answer for divorce contesting the subject matter and in persona jurisdiction. In addition, Mitchell denied that Monica was entitled to a divorce for

---

[2] The record is solely from Coahoma County but a copy of the Mitchell's complaint for divorce, custody and other relief filed in Chickasaw County is included as an exhibit to his motion to consolidate and transfer.

[3] § 93-11-65(1)(a). This error was corrected in the amended order.

[4] § 93-5-23. This error was corrected in the amended order.

4

irreconcilable differences and did not agree to such a divorce. On January 16, 2003, Mitchell filed a motion to consolidate and transfer to the Chancery Court of Chickasaw County. On January 28, 2003, the chancellor denied the motion to consolidate and transfer. Following this ruling, Mitchell entered a motion to amend prior orders and requested that the chancellor certify his rulings pursuant to M.R.A.P. 5 in order for Mitchell to petition this Court for an interlocutory appeal. The chancellor amended the two orders (1) order denying the motion to consolidate and transfer, and (2) the order denying the motion to dismiss in part and granting in part and granting temporary relief and certified pursuant to M.R.A.P. 5 that a substantial basis existed for a difference of opinion on certain questions of law. The questions of law were identified as:

> [1] whether Coahoma County is the proper venue for this action, [2] whether this Court has jurisdiction to proceed with the divorce based upon the ground of irreconcilable differences, [3] whether this Court has jurisdiction to proceed with the divorce based upon the contested ground of habitual cruel and inhuman treatment, and [4] whether this Court has properly retained jurisdiction pursuant to Miss. Code Ann. 93-11-65 to hear those issues relating to the custody and support of the minor child, [and that] appellate resolution of these issues would (1) materially advance the termination of the litigation and avoid exceptional expense to the parties by allowing them to litigate these issues in only one forum and (2) resolve an issue of general importance in the administration of justice of this State.

A fifth question concerning the order denying the motion to consolidate and transfer only, was "whether this Court erred in failing to consolidate this matter with the divorce proceeding between these same parties now pending before the Chancery Court of Chickasaw County, Mississippi."

5

¶7. This Court by order granted an interlocutory appeal on April 3, 2003. From the certified chancery court rulings, Mitchell raises the following issues for interlocutory appeal to this Court:

I. **Whether Miss. Code Ann. § 93-11-65 may confer venue and jurisdiction over a contested divorce.**

II. **Whether the chancery court erred by denying Mitchell's motion to dismiss.**

III. **Whether the chancery court err in failing to grant Mitchell's motion to transfer and consolidate, thereby bifurcating the issues of child care, custody and maintenance of the minor child from the divorce action.**

**Legal Analysis**

¶8. Prior to considering Miss. Code Ann. § 93-11-65, this Court finds that the analysis should begin with a general overview of Miss. Code Ann. § 93-5-11, § 93-11-65, the motion to dismiss and the motion to consolidate and transfer.

**A.    § 93-5-11**

¶9. In divorce proceedings, Miss. Code Ann. § 93-5-11 provides the venue for filing cases. The statute states:

> All complaints, except those based solely on the ground of irreconcilable differences, must be filed in the county in which the plaintiff resides, if the defendant be a nonresident of this state, or be absent, so that process cannot be served; and the manner of making such parties defendants so as to authorize a judgment against them in other chancery cases, shall be observed. **If the defendant be a resident of this state, the complaint shall be filed in the county in which such defendant resides or may be found at the time, or in the county of the residence of the parties at the time of separation, if the plaintiff be still a resident of such county when the suit is instituted.** A complaint for divorce based solely on the grounds of irreconcilable differences

6

shall be filed in the county of residence of either party where both parties are residents of this state. If one (1) party is not a resident of this state, then the complaint shall be filed in the county where the resident party resides.

(emphasis added). *See Ross v. Ross*, 208 So.2d 194, 196 (Miss. 1968) ( the word "residence" means the "domicile" of the defendant and the words "or may be found at the time" applies to either (1) a person that is a non-resident of Mississippi or (2) a citizen of Mississippi with no actual domicile or with no fixed place of residence).

¶10.     This Court in *Price v. Price*, 202 Miss. 268, 271-72, 32 So.2d 124, 125 (1947), stated "that the statute prescribing where the suit must be instituted is not a mere statute of venue that may be waived but one of jurisdiction of the subject matter of the suit." *Id.*, at 271-72, 32 So.2d at 125 (citing Amis in Divorce in Mississippi, Sec. 240). S*ee also Carter v. Carter*, 278 So.2d 394, 396 (Miss. 1973) (referencing a review of authorities which state in effect "that a divorce suit brought in the wrong county goes to the jurisdiction, and is not a mere matter of venue"). Because this issue had never been presented to this Court for review prior to its ruling in 1947, the Court adopted or "affirmed" this language in Mississippi. *Price*, 202 Miss. at 271-72, 32 So.2d at 125.

¶11.    In *Price* this Court further held that a divorce was not a common law action and thus any power, authority or jurisdiction in this type of matter was a statutory creation. *Id*. at 272, 125. Generally, when the common law provided no action, such as divorce, and the statutorily created action places conditions upon these new statutory rights, then the conditions are considered to be "an integral part of the right thus granted –are substantive conditions, the

7

observance of which is essential to the assertion of the right." *Id*. *See also **Ross v. Ross,*** 208 So.2d 194, 195 (Miss. 1968). As to whether a case of this nature should be transferred to the proper county or simply dismissed when venue is not proper, the Court of Appeals recently addressed this issue in ***Stark v. Stark***, 755 So.2d 31, 33 (Miss. Ct. App. 1999), holding:

> In domestic relations cases filed under Title 93 of the Mississippi Code of 1972, the Mississippi Supreme Court has held that if proper venue is lacking, a bill for divorce must be dismissed, not transferred. ***Price v. Price***, 202 Miss. 268, 274, 32 So.2d 124, 126 (1947); ***Cruse v. Cruse***, 202 Miss. 497, 500, 32 So.2d 355, 355 (1947) (emphasis added). According to the Mississippi Supreme Court, compliance with Section 93-5-11 is mandatory...

However, this Court has held that if a court that has no subject matter jurisdiction in a case the judgment is rendered void, not voidable. ***Duvall v. Duvall***, 224 Miss. 546, 552, 80 So.2d 752, 754 (1955).

**B.      § 93-11-65**

¶12.    Miss Code Ann. § 93-11-65 states in part:

> (1)(a) In addition to the right to proceed under Section 93-5-23, Mississippi Code of 1972, and in addition to the remedy of habeas corpus in proper cases, and other existing remedies, **the chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters**.... Proceedings may be brought by or against a resident or nonresident of the State of Mississippi, whether or not having the actual custody of minor children, for the purpose of judicially determining the legal custody of a child. All actions herein authorized may be brought in the county where the child is actually residing, or in the county of the residence of the party who has actual custody, or of the residence of the defendant....

(emphasis added).

**C.      The Motion to Dismiss**

8

¶13. On November 20, 2002, Mitchell filed a Motion to Dismiss the complaint for divorce. He argued that pursuant to the venue statute § 93-5-11, the proper venue for filing the divorce was Chickasaw County, the defendant's county of residence. In addition, Mitchell argued that pursuant to *Stark*, the chancery court lacked jurisdiction to enter any orders in the action and the action was not subject to transfer to Chickasaw County.

¶14. On November 22, 2002, Monica responded to Mitchell's motion claiming that venue in Coahoma County was proper at least for an irreconcilable differences divorce pursuant to § 93-5-11. She also claims that she relied upon § 93-11-65 when she filed her complaint for divorce and custody of the minor child.

¶15. The chancellor found that Coahoma County had jurisdiction of the parties and the subject matter for a divorce on the sole ground of irreconcilable differences pursuant to § 93-5-11. Further, the chancellor found that the Coahoma Chancery Court had jurisdiction of the custody and support of the child pursuant to § 93-11-65 (1)(a) and § 93-5-23 and that venue in Coahoma County was proper. However, the chancellor found that the Coahoma County Chancery Court did not have jurisdiction for a divorce based upon the fault ground of habitual cruel and inhuman treatment pursuant to § 93-5-11. Therefore, the chancellor retained jurisdiction of the complaint for divorce on the sole ground of irreconcilable differences; dismissed the complaint on the contested fault ground of habitual cruel and inhuman treatment; gave temporary custody of the child to Monica; set visitation for Mitchell and set payment of temporary support for the child.

### D. The Motion to Consolidate and Transfer

¶16.    Prior to the chancellor's written opinion on the Motion to Dismiss, Mitchell filed a contested divorce in the Chancery Court of the First Judicial District of Chickasaw County, where he still resided and the place the parties separated.  After the chancellor filed the written order concerning the motion to dismiss, Mitchell filed a motion to consolidate and transfer including the issues concerning custody and support to Chickasaw County on January 16, 2003. The chancellor denied the motion and ruled the following in part:

> [B]ecause this Court previously retained jurisdiction of the claim for divorce based upon the grounds of irreconcilable differences as well as all matters related to the care, custody and maintenance of the minor child pursuant to Miss. Code Ann. 93-11-65, that the instant motion is not well taken and the same should be denied.

### The Arguments

¶17.    Mitchell's and Monica's arguments to this Court do not neatly follow the issues as presented in the statement of issues.  Nevertheless, the following is a summary of the main arguments as written by each party.

¶18.    Mitchell argues that pursuant to § 93-5-11, the proper place for filing Monica's divorce complaint was Chickasaw County, the place of his residence.  He claims that the complaint filed by  Monica relied upon § 93-5-1 (for a fault ground) and § 93-5-2 (irreconcilable differences) only.  He argues that Monica tried to avoid the mandatory filing requirements of § 93-5-11 by arguing proper venue for irreconcilable differences and that Monica never asserted her custody claim, pursuant to § 93-11-65, until *after* he filed his motion to dismiss. Monica's divorce claim never referenced Miss. Code Ann. § 93-11-65.

10

¶19. Mitchell also contends that the chancery court did not have proper jurisdiction of any action pursuant to § 93-11-65 because Monica did not file any pleadings citing that statute. What is more, Mitchell claims that when he filed the motion to dismiss, no child custody and support order had been entered by any chancery court.

¶20. Further, Mitchell argues that the plain reading of § 93-11-65 was not intended to grant jurisdiction to a divorce proceeding. Mitchell submitted that the statute itself states in part that relief pursuant to § 93-11-65 is "[i]n addition to the right to proceed under Section 93-5-23...." Miss. Code Ann. § 93-5-23 states in part :

> When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, **make all orders touching the care, custody and maintenance of the children of the marriage**, and also touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him, and shall, if need be, require bond, sureties or other guarantee for the payment of the sum so allowed.

(emphasis added). Accordingly, Mitchell argues that § 93-5-23 outlines the chancery court authority to address the care, custody and maintenance of a child solely within the context of divorce and not as a right to proceed with a divorce proceeding. He claims that § 93-11-65 allows for the custody, care and maintenance of children when there is no pending divorce, but it is not meant to circumvent the venue requirements of § 93-5-11.

¶21. Mitchell makes the further arguments of forum shopping and judicial economy. He argues that if this Court upholds Monica's actions then pursuant to § 93-11-65 a divorce action may be brought in the county where the child is actually residing, or in the county of the residence of the party who has actual custody, or of the residence of the defendant, where the

11

parties have children. Additionally, Mitchell argues that since the statute has no minimum period of time for residency, a parent could take a child to any county immediately file a custody and support action pursuant to § 93-11-65 and include a claim for divorce. In effect, the parent could circumvent the divorce venue requirements of § 93-5-11 altogether. ¶a)

Monica appears to contend two different issues. The first argument appears to be that when a chancellor takes proper jurisdiction of the child custody and support, then the chancellor can also take jurisdiction of a contested divorce. The second argument, presumably in the alternative, concerns the venue for a divorce on the sole ground of irreconcilable differences, that being the county or counties of residence of either spouse. She claims that in her case the venue requirement of § 93-11-65 for the custody and support of the child has been satisfied as has the venue requirement of § 93-5-11 for a divorce on the sole ground of irreconcilable differences.

¶22. Monica points out that § 93-11-65 has no minimum time period requirement for residency. In addition, she admits that while the document may have been better pled if she had cited § 93-11-65 specifically since the jurisdiction rests on the statute which is not cited in the pleadings. She argues that the document satisfied the requirement of the statute by stating that she and her child were residing in Coahoma County and that she sought relief in the form of custody and support. As for the temporary restraining order, Monica argues that the chancery court made a provision for the custody of the child by prohibiting Mitchell from having contact with the child. She also claims that the chancery court specifically cited § 93-11-65 in a later order granting temporary relief.

12

¶23. Monica argues that even if Coahoma County had dismissed the complaint because it was not properly filed, she could have refiled the complaint. Monica argues that the chancellor's decision to allow the divorce to not be dismissed on the sole ground of irreconcilable differences avoids a "waste of judicial resources." As for forum shopping, Monica agrees that Mitchell has a valid argument that conferring jurisdiction for a contested divorce through § 93-11-65 could lead to forum shopping. She suggests that the chancellor can make a determination of "good faith" when a contested divorce is filed with a request for child custody and support under § 93-11-65. In addition, Monica argues that the words "all such matters" contained in § 93-11-65 may be reasonably interpreted to mean a contested divorce. Further, she argues that allowing such an interpretation of the statute would avoid multiplicity and conflict between two chancery courts.

## Legal Analysis

¶24. Clearly, Miss. Code Ann. § 93-5-11 provides for both contested and uncontested divorces. For a contested divorce, where as in this case the defendant is a resident of Mississippi, a divorce complaint must be filed in the county in which the defendant (1) resides, (2) may be found, or (3) in the county where the couple separated provided the plaintiff remains a resident of that county at the time of the filing of the complaint. However, if both parties are residents of the State of Mississippi and a complaint is filed solely for irreconcilable differences, then the complaint may be filed in the county or counties where either party resides at the time of filing.

¶25.   In the case sub judice, residency of the State of Mississippi was not at issue.  Monica initially filed for divorce on the fault ground of habitual cruel and inhuman treatment and in the alternative for irreconcilable differences.  Therefore, a complaint for divorce on the ground of habitual cruel and inhuman treatment should be filed in the county in which the defendant resides, may be found or in the county where the couple separated provided the plaintiff remains a resident of that county at the time of the filing of the complaint.  Mitchell resided in Chickasaw County at all times.  That being true, the fault ground of divorce should have been filed in Chickasaw County. *See* Miss. Code Ann. § 93-5-11.

¶26.   In contrast, a complaint filed solely on the ground of irreconcilable differences may be filed in the county or counties of residence of either party.  At the time Monica filed the complaint she had been in Coahoma County for approximately 48 hours and Mitchell, of course, resided in Chickasaw County.  Therefore, an irreconcilable difference divorce would be proper in either Coahoma or Chickasaw counties.

¶27.   The problem of course with the case sub judice is that the chancellor dismissed the fault ground of divorce and then retained the divorce on the irreconcilable differences claim.  In fact, the chancellor acknowledged that the Chancery Court of Coahoma County had no jurisdiction on the fault ground of divorce, habitual cruel and inhuman treatment, under Miss. Code Ann. § 93-5-11. By dismissing the contested ground of divorce which should have been filed in Chickasaw County, the residence of Mitchell as the defendant, the chancellor kept the divorce claim viable. In effect, the chancellor "cured" Monica's jurisdiction problem. Retaining the action solely on the ground of irreconcilable differences, which has a different

14

requirement of filing in the county of either spouse, here being either Chickasaw or Coahoma, the chancellor allowed an otherwise improper filing of a contested divorce in Coahoma County, based on lack of jurisdiction, to remain alive as a proper filing of an irreconcilable divorce.

¶28. This Court has held that a statutorily created action, such as divorce, places conditions on these rights that are integral, substantive conditions. *Price*, 202 Miss. at 271-72, 32 So.2d at 125. Further, the statute that prescribes where the suit is filed is not merely a "statute of venue that may be waived but one of jurisdiction of the subject matter of the suit." *Id.* Compliance with Miss. Code Ann. § 93-5-11 is mandatory. *Stark*, 755 So.2d at 33. We find that the filing of the contested divorce in Coahoma County was incorrect pursuant to the mandatory requirements in Miss. Code Ann. § 93-5-11. This Court finds that Chickasaw County was the only correct county for filing the divorce under the facts as presented sub judice. The chancellor correctly determined that Coahoma County did not have jurisdiction over the contested divorce. However, we find that the chancellor could not "cure" the jurisdictional error by simply dismissing the contested divorce and retaining the irreconcilable differences divorce. This Court finds that since the chancellor had no jurisdiction for the contested divorce, the chancellor had no jurisdiction over the entire action. **Because the chancellor had no jurisdiction over the divorce the case should have been dismissed and cannot be transferred.** *Stark v. Stark*, 755 So.2d at 33. Without the subject matter jurisdiction by a court any judgment is considered void, not voidable. *Duvall v. Duvall*, 224

15

Miss. at 552, 80 So.2d at 754. Accordingly, we find that the chancellor erred by failing to grant Mitchell's motion to dismiss in toto as to the issue of divorce.

¶29.    The question remains of whether § 93-11-65 may confer venue and jurisdiction over a contested divorce. This Court finds once again that the divorce provisions in the Mississippi Code are statutorily created rights with specified conditions. *Price*, 202 Miss. at 271-72, 32 So.2d at 125. In divorce matters, the statute that prescribes where the suit is filed is not merely a "statute of venue that may be waived but one of jurisdiction of the subject matter of the suit." *Id.* This Court has held that compliance with Miss. Code Ann. § 93-5-11 is mandatory. *Stark*, 755 So.2d at 33. Miss. Code Ann. § 93-11-65 is a statutory provision which provides relief for the "custody, care, support and maintenance of minor children." The statute provides that actions of this nature "may be brought in [1] the county where the child is actually residing, or [2] in the county of the residence of the party who has actual custody, or [3] of the residence of the defendant." Miss. Code Ann. § 93-11-65. However, the mandatory filing provisions for contested and irreconcilable differences divorces are clearly stated in § 93-5-11. We find that the statutory requirements for proper filing of a divorce action are straightforward and clear and may not be circumvented by an attempt to expand § 93-5-11 through the use of § 93-11-65, nor indirectly through § 93-5-23. To find otherwise would negate the need for § 93-5-11 and create judicial conflict.

¶30.    In the case sub judice, Monica filed the contested divorce in the incorrect county. This Court finds that Monica's divorce action should be dismissed in toto, thereby prohibiting her contested divorce action and prohibiting the attempt to "cure" the irreconcilable differences

16

divorce. To reiterate, we emphasize that the chancellor had absolutely no jurisdiction over the divorce action filed by Monica. The divorce action lacked jurisdiction on contested grounds and lacked jurisdiction on the grounds of irreconcilable difference. Mitchell did not and would not consent to a divorce on the grounds of irreconcilable differences. He later in fact filed his own contested divorce in Chickasaw County. This Court finds that the chancellor should have stopped the action in its tracks and dismissed the claim in its entirety once it was established that Monica incorrectly filed the action in Coahoma County instead of the proper county, Chickasaw.

¶31. We find that Monica cannot attempt to again "cure" her failure to follow § 93-5-11 by relying upon the § 93-11-65 filing requirements for the care, custody, support and maintenance of a child. This Court also finds that any argument to the effect that the language of § 93-11-65[5] pertaining to "all such matters" confers jurisdiction on an otherwise incorrect chancery court to hear a contested divorce is clearly not correct. Again, the requirements pursuant to § 93-5-11 are clear, mandatory and may not be circumvented through § 93-11-65. Accordingly, we find that § 93-11-65 may not assume jurisdiction over a contested divorce.

¶32. There are the final issues of custody and support and the motion to consolidate and transfer. Miss. Code Ann. §§ 93-5-11 and 93-11-65 both provide for the proper venue and jurisdiction for a child custody matter. This Court has already addressed the issue that the

---

[5] Miss. Code Ann. § 93-11-65 states in part "...the chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine **all such matters**...." (emphasis added).

divorce should have been filed in Chickasaw County. When there is an issue of child custody, support and maintenance, however, § 93-11-65 provides that the action may be brought in (1) the county where the child is actually residing, or (2) in the county of the residence of the party who has actual custody, or (3) of the residence of the defendant. Therefore, the parties argued that the custody issue in this case could be brought in either Coahoma County[6] or in Chickasaw County, the place of residence of Mitchell. Since the filing of the divorce, temporary custody and temporary restraining order by Monica, the Coahoma County chancellor has issued two orders providing for temporary care of the child. It is noted that since the initial filing a second child was born in 2003 and a chancellor will have to consider this child as well. Prior to any further proceedings this Court granted the interlocutory appeal to ascertain the correct venue and jurisdiction. We find that a proper reading of all the three statutes, § § 93-5-11, 93-5-23 and 93-11-65, does not provide for a custody matter to proceed under § 93-11-65 when a divorce is pending. Mitchell argued that the plain reading of § 93-11-65 was not intended to grant jurisdiction in a divorce proceeding and that the statue is "[i]n addition to the right to proceed under Section 93-5-23." Of course, § 93-5-23 provides that "[w]hen a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion,...make all orders touching the care, custody and maintenance of the children...." Reading the statutes together, § 93-5-23 concerns divorce actions and the court's ability to make orders touching child custody, whereas, § 93-11-65 is in addition to the remedies already available in § 93-5-23.

---

[6] Mitchell argues that Monica was in Coahoma County less than 48 hours and thus she and the child were not residents at the time of the initial pleadings.

18

The key to these statutes is that § 93-5-23 provides for the child's care and custody in a divorce situation and § 93-11-65 states that it is an alternative, in addition to § 93-5-23. Again, the divorce action may not be transferred to Chickasaw County because the Coahoma County chancellor never had jurisdiction for the divorce, therefore, there is nothing to transfer in terms of the divorce. The evidence to prove the issues of the contested divorce, custody, support and any other matter will be substantially the same. This Court finds that pursuant to the statutes, a custody matter may not proceed under § 93-11-65 when a divorce is pending. Since the facts in this case showed that the chancellor had no jurisdiction in the divorce action and because a custody matter may not proceed under § 93-11-65 when there is a pending divorce, the chancellor should have granted the motion to dismiss in toto. Accordingly, the chancellor should never have reached the issue and ruled on Mitchell's motion to consolidate and transfer.

## CONCLUSION

¶33. For the foregoing reasons, this Court finds that the Chancery Court of Coahoma County correctly ruled that it lacked jurisdiction on the issue of the contested divorce of habitual cruel and inhuman treatment and erred in ruling that it had jurisdiction in the divorce on the ground of irreconcilable differences. We find that the chancellor should have granted Mitchell's motion to dismiss in toto. This Court finds that the custody filing requirements of § 93-11-65 may not be expanded, used as a substitute, "cure" or used to circumvent the divorce filing requirements of § 93-5-11 under the facts of the case sub judice. Accordingly, the trial court erred by not dismissing the case in toto and consequently erred by ruling on the motion to

19

consolidate and transfer. Had the action been dismissed as this Court finds is the correct procedure, the trial court would have never reached the later issue of the motion to consolidate and transfer. This Court does not promote forum shopping and seeks to maintain judicial economy whenever practical and possible in legal actions. We affirm the chancellor's judgment to the extent that it dismissed the fault ground of this divorce action for lack of jurisdiction. However, we reverse the chancellor's judgment to the extent that it did not dismiss the remainder of the action for lack of jurisdiction, and we render judgment here dismissing the entire Coahoma County action for lack of jurisdiction.

¶34. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**SMITH, C.J., WALLER, P.J., CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. COBB, P.J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**